UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TYRONE K. WOODS,

        Petitioner,

                              Case No. 00-CV-10073-BC

v.                                      Honorable David M. Lawson

PAUL RENICO,

        Respondent.
_____/

**OPINION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Before the Court is a motion by the petitioner, Tyrone K. Woods, for relief from a judgment entered over four years ago denying a petition for writ of habeas corpus. The motion ostensibly has been brought under several of the grounds enumerated in Federal Rule of Civil Procedure 60(b). The Court finds that all aspects of the motion are either untimely or lack merit, and therefore the motion will be denied.

In 1995, the petitioner was convicted of killing three people and assaulting another in shootings that occurred at an after-hours club located in Detroit. The state appellate courts affirmed his convictions for first-degree murder, assault, and weapons offenses, and the petitioner thereafter filed his petition for writ of habeas corpus in this Court in 2000. On July 24, 2001, the Court denied the petition for writ of habeas corpus and entered judgment that same day. An order denying a certificate of appealability was entered on July 27, 2001. The petitioner filed a motion for reconsideration, which was denied on November 14, 2001. The Court of Appeals for the Sixth Circuit affirmed the denial of the writ.

On September 7, 2005, the petitioner filed the present motion citing Rule 60(b)(1), (3), (4), (5), and (6). His main argument is that the prior judgment is void because the Court did not address

all his claims in the original opinion, and the ensuing affirmance by the court of appeals is void because it did not review a "final judgment." The petitioner also argues that the prosecution used false evidence to convict him.

> Rule 60(b) states in part:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.*

Fed. R. Civ. P. 60(b) (emphasis added).

There are rigorously enforced time limits governing each of these modes of challenge. For instance, Rule 60(b)(1), which allows relief on the grounds of "mistake, inadvertence, surprise, or excusable neglect," requires a motion to be filed within a "reasonable time" up to one year after the entry of judgment. Fed. R. Civ. P. 60(b). It has been suggested that when the "mistake" cited as a ground for relief under subpart (1) is an error of law, the "reasonable time" is limited to the time period in which the aggrieved party would otherwise have to appeal. *See Barrier v. Beaver*, 712 F.2d 231, 234-35 (6th Cir. 1983) (quoting, but not adopting, trial court's decision to that effect). The court of appeals followed that reasoning in *In re G.A.D., Inc.*, 340 F.3d 331, 334-35 (6th Cir. 2003), in which it also held that motions asserting grounds under Rule 60(b)(3) also must be brought within one year. *See also McDowell v. Dynamics Corp. of Am.,* 931 F.2d 380, 384 (6th Cir.1991).

In this case, the Court denied the petition over four years ago and also denied a

reconsideration motion within a few months thereafter. The Court finds that the present motion is untimely to the extent it asserts grounds for relief under Rule 60(b)(1) or (3).

"Motions under subsections (4), (5), and (6) may be made within a 'reasonable time,' which we have determined is dependent upon the facts in a case, including length and circumstances of delay in filing, prejudice to opposing party by reason of the delay, and circumstances warranting equitable relief. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990)." *In re G.A.D., Inc.*, 340 F.3d at 335. The first ground cited by the petitioner that does not fall within the one-year bar is that the judgment is void. Generally, this ground attacks the adjudicating court's jurisdiction.

> A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interest of finality, the concept of void judgments is narrowly construed. While absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction. A court has the power to determine its own jurisdiction, and an error in that determination will not render the judgment void. Only in the rare instance of a clear usurpation of power will a judgment be rendered void.

*Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 515-16 (6th Cir. 2001). The Court had jurisdiction to enter the judgment denying the petition; the Court finds this ground for relief meritless.

Rule 60(b)(5) allows relief from a judgment that has been "satisfied, released, . . . discharged, or . . . reversed or otherwise vacated." Fed. R. Civ. P. 60(b)(5). This ground is irrelevant to a judgment denying a habeas petition.

The time limits are more liberal under Rule 60(b)(6), but that subpart may not be used as a substitute for an appeal and applies only in "exceptional circumstances," *see Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989), although Rule 60(b)(6) may be

employed "as a means to achieve substantial justice" consistent with the principles of equity, and the lower court's discretion is "exceptionally broad" in determining the appropriate use of the rule. *Ibid.* However, the Supreme Court recently held that Rule 60(b)(6) motions that assert or reassert claims of error in state convictions should be treated as successive petitions for habeas that must meet the requirements of § 2244. *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2647 (2005). "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Ibid.* Under section 2244, habeas claims already addressed must be dismissed, and new habeas claims must be certified by a court of appeals. 28 U.S.C. 2244.

The petitioner's motion includes an argument that grounds now advanced by him for the ultimate habeas relief recently have come to light, or were raised before and no formal ruling was made. He also claims that he is innocent. Without addressing the merits of any of those contentions, the Court observes that either they were decided previously, in which case there is no basis to revisit them, or they are new matters, in which case the Court of Appeals must grant permission to proceed under a second or subsequent petition. Either way, the petitioner has not stated adequate grounds to support relief based on extraordinary circumstances.

Accordingly, the petitioner's motion for relief from judgment [dkt # 76] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   November 8, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 8, 2005.

        s/Tracy A. Jacobs
        TRACY A. JACOBS