UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TYRONE K. WOODS,

          Petitioner,

v.                                             Case No. 00-CV-10073-BC
                                              Honorable David M. Lawson

PAUL RENICO,

          Respondent.

_____/

## ORDER DENYING MOTIONS FOR RECUSAL, RECONSIDERATION, AND SUPPLEMENTAL PLEADINGS

This matter is before the Court on the petitioner's motions for recusal and reconsideration of the Court's November 8, 2005 Opinion and Order denying his motion for relief from judgment. The petitioner has also filed two motions for supplemental pleadings, which include additional information regarding these motions. The motion for recusal recites decisions of the Court with which the petitioner disagrees. A petitioner's dissatisfaction with decisions of the Court is not grounds for recusal. *Deuer Mfg., Inc. v. Kent Products, Inc*., 760 F. Supp. 609 (E.D.Mich. 1989).

In 1995, the petitioner was convicted of killing three people and assaulting another in shootings that occurred at an after-hours club located in Detroit. The state appellate courts affirmed his convictions for first-degree murder, assault, and weapons offenses, and the petitioner thereafter filed his petition for writ of habeas corpus in this Court in 2000. On July 25, 2001, the Court denied the petition for writ of habeas corpus and entered judgment that same day. An order denying a certificate of appealability was entered on July 27, 2001. The petitioner filed a motion for reconsideration of the July 25, 2001 decision, which was denied on November 14, 2001. The Court of Appeals for the Sixth Circuit affirmed the denial of the writ. On September 7, 2005, the petitioner

filed a motion for relief from the July 25, 2001 judgment. That motion was denied on November 8, 2005.

The petitioner has now filed a second motion for reconsideration, asking the Court to reconsider its decision denying his motion for relief from judgment. The Local Rules of this Court permit a party to file a motion for reconsideration of a ruling within ten days after its entry by the Court. Such a motion will be granted only if the movant identifies a "palpable defect" in this court's disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a one that is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). Here, the Court will deny the motion because the plaintiff has not shown a palpable defect in the Court's order.

The petitioner has also filed another petition for a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003) (citations omitted).

The motion states the petitioner "made a substantial showing of the denial of a constitutional right, to the Writ of Habeas Corpus." For the reasons stated in this Court's orders denying the

petition for writ of habeas corpus and the motion for relief from judgment, these claims lack merit, and reasonable jurists would be unlikely to disagree with the Court's decisions.

Accordingly, it is **ORDERED** that the petitioner's motion for recusal [dkt # 78] is **DENIED**.

It is further **ORDERED** that the petitioner's motion for reconsideration and certificate of appealability [dkt # 79] is **DENIED**.

It is further **ORDERED** that the petitioner's motions for supplemental pleadings [dkt ## 81, 82] are **DENIED**.

                                      s/David M. Lawson
                                      DAVID M. LAWSON
                                      United States District Judge

Dated: December 7, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 7, 2005.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS